**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Cause No. 4:05cr12** |
| | § | **Judge Schneider** |
| **TROY ANTHONY SMOCKS** | § | |

---

## GOVERNMENT'S TRIAL BRIEF

---

COMES NOW the United States of America, by the undersigned Assistant United States Attorney, and submits the following trial brief in connection with the above-referenced matter.

## I.  STATEMENT OF FACTS

_____The Government will present testimony and documentary evidence that will establish the following facts:

### A.    TROY SMOCKS possessed document-making implements and produced false identification documents in the Eastern District of Texas:

At the time of his arrest on August 14, 2003, Defendant TROY SMOCKS, possessed document-making implements, including a personal computer, printers, an embosser, CDs, a scanner and a laminating machine (*Exhibits # 30-32, 36, 39, 40*).  Defendant used these items to unlawfully produce false identification documents including the following:

| COUNT | DOCUMENT | NAME | EXHIBIT # |
|---|---|---|---|
| 1 | Secretary of Transportation - Federal Aviation Administration Certificate #4830-151(Pilot's License) | Troy A. Perex | 1 |
| 2 | Social Security Card Form SSA-3000 (4-95) #D22011577 | Troy A. Perez | 2 |

| COUNT | DOCUMENT | NAME | EXHIBIT # |
|---|---|---|---|
| 3 | Armed Forces of the United States of America Identification Card DD-Form 2 | Mark Perez | 7 |
| 4 | Oklahoma Drivers License | John D. Perez | 8 |
| 5 | Missouri Certificate of Live Birth #29-73216 | Troy A. Perez | 4 |

**B.    TROY SMOCKS possessed  false  identification documents in the Eastern District of Texas:**

At the time of his arrest on August 14, 2003,  in the Eastern District of Texas, the

Defendant, TROY ANTHONY SMOCKS, did unlawfully possess the following false

identification documents on his person or in his apartment:

| COUNT | DOCUMENT | NAME | EXHIBIT # |
|---|---|---|---|
| 6 | Armed Forces of the United States Identification Card DD-Form 2 | Troy A. Perez | 3 |
| 7 | Armed Forces of the United States Identification Card DD- Form 2 | John D. Perez | 11 |
| 8 | Armed Forces of the United States Identification Card DD- Form 2 | Robert Perez | 12 |
| 9 | Certificate of Release or Discharge from Armed Forces DD- Form 214 | Troy Anthony Smocks | 9 |
| 10 | Certificate of Release or Discharge from Armed Forces DD- Form 214 | Troy Anthony Smocks | 10 |
| 11 | Certificate of Release or Discharge from Armed Forces DD- Form 214 | Troy Anthony Smocks | 17 |
| 12 | Certificate of Release or Discharge from Armed Forces DD- Form 214 | Troy A. Perez | 15 |
| 13 | Certificate of Release or Discharge from Armed Forces DD- Form 214 | Troy A. Perez | 16 |

| COUNT | DOCUMENT | NAME | EXHIBIT # |
|-------|----------|------|-----------|
| 14 | Secretary of Transportation - Federal Aviation Administration Certificate (Pilot's License) | Troy Anthony Smocks | 13 |
| 15 | Secretary of Transportation - Federal Aviation Administration Certificate (Pilot's License) | John D. Perez | 14 |

**C.** **TROY SMOCKS wore military uniforms and military decorations without authority.**

Defendant has never served in the military. Nevertheless, at his co-workers wedding on or about June 14, 2003 in the Eastern District of Texas, the Defendant, TROY ANTHONY SMOCKS, did knowingly and without authority wear the uniform of the Armed Forces of the United States, along with decorations and medals he did not earn.

*(Exhibits # 61, 62, 63).*

**D.** **TROY SMOCKS possessed counterfeiting implements and used them to make counterfeit securities.**

At the time of his arrest in August 2003, Defendant TROY SMOCKS possessed counterfeit making implements including a personal computer, printers, a scanner, software and check stock. Defendant used these implements to unlawfully produce counterfeit checks, including the check that forms the basis of the bank fraud charge in Count 20 of the Indictment.

*(Exhibits# 31, 32, 36, 40, 18-26, and 70-11).*

**E.** **TROY SMOCKS deposited a counterfeit check into an account that he opened with false identification.**

1. On August 8, 2003, TROY SMOCKS opened bank account #4781819312 in the name of "Robert Perez" (hereinafter referred to as the "Perez Account") at the Bank of America by using a false Texas Drivers license in the name of Robert Perez. *( Exhibit # 70-1, 70-2).*

2.      SMOCKS fraudulently created counterfeit Home Depot payroll check #14348 in the amount of One Thousand Three Hundred and Forty Two Dollars and Sixty Nine Cents ($1,342.69) (hereinafter referred to as the "counterfeit check"). Smocks made the counterfeit payroll check payable to "Robert Perez". SMOCKS endorsed the counterfeit check with a signature of a purported, but fictitious, Home Depot representative as the maker of the counterfeit check. *(Exhibit # 70-11)*.

3.      SMOCKS thereafter endorsed the counterfeit check as "Robert Perez." *(Exhibit # 70-11)*. On August 8, 2003, within the Eastern District of Texas, the Defendant knowingly tendered to Bank of America for Deposit in the Perez Account, the counterfeit check in an attempt to receive credit for the Perez Account. *(Exhibit # 70-10, 7-13, 70-14)*.

## II. STATUTORY VIOLATIONS

In connection with these acts, the Government intends to offer testimony and other evidence which establish that Defendant has violated the following federal statutes as alleged in the Indictment:

A.      18 U.S.C. §1028 (a) (1) - Production of false identification documents (Counts 1 - 5)

B.      18 U.S.C. §1028 (a) (6) - Possession of false identification documents (Counts 6 - 15)

C.      18 U.S.C. §1028 (a) (5) - Possession of document making implements (Count 16)

D.      18 U.S.C. §702 - Unauthorized wearing of a Uniform of the Armed Forces of the United States (Count 17)

E.      18 U.S.C. §704 - Unauthorized wearing of decorations or medals of the Armed Forces of the United States (Count 18)

F.      18 U.S.C. §513 (b) - Possession of Counterfeiting implements ( Count 19)

G.      18 U.S.C. §1344 - Bank Fraud (Count 20)

## III.  ELEMENTS and EVIDENCE

**A.**     **Counts 1 - 5:  18 U.S.C. §1028 (a) (1) - Production of false identification documents**

**1.**     **APPLICABLE STATUTE:**

Title 18, United States Code, Section 1028(a) (1), makes it a crime for anyone knowingly and without lawful authority to produce an identification document or a false identification document.  The following are the elements the Government will prove to establish that the Defendant violated this statute.

*First*:          That the Defendant knowingly produced an identification document or a

false identification document;

*Second*:      That the Defendant did so without lawful authority; and

*Third*:        That the identification document or false identification document is or

appears to be issued by or under the authority of the United States; or that

the production of the document is in or affects interstate or foreign

commerce.

**2.**     **GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS**

**a.**     **Defendant knowingly produced (false) identification documents.**

Under Title 18 United States Code, Section 1028(a)(1), the first element the Government must prove is that the Defendant knowingly produced  (false) identification documents.  Such fact will be established by and through testimony of Special Agent James Green with the Federal Bureau of Investigation (hereinafter referred to as "F.B.I."), Special Agent Robert Koger with the Department of Defense (hereinafter referred to as "D.O.D.") and/or Certified Forensic Examiner, Detective John Gardner who will testify that the following false identification documents were found either on the Defendant or at his residence.  These agents will further testify that the

corresponding computer files and/or additional similar identification documents were found in the

Defendant's residence and/or on the Defendant's computer:

| COUNT | FALSE ID DOCUMENT | EVIDENCE OF PRODUCTION |
|---|---|---|
| 1 | Pilot's License in the name of Troy A. Perex *(Exhibit #1)* | The form/template was found on Defendant's computer *(Exhibit # 55)*. Defendant possessed two other pilots licenses, one in the name of Troy Smocks *(Exhibit # 13)*; and another in the name of John Perez (Exhibit # 14). |
| 2 | Social Security Card in the name of Troy Perez *(Exhibit #2)* | The following forms/templates and seals were found on Defendant's computer: back *(Exhibit # 50);* front *(Exhibit #49 and #51)*; seal *(Exhibit #52)*. |
| 3 | Armed Forces of the United States identification card (DD-2) in the name of Mark Perez *(Exhibit # 7)* | The following form/template was found on Defendant's computer: front *(Exhibit # 43)* and back *(Exhibit # 44)*. In addition, three other military identification cards were in the Defendant's possession. *(Exhibit # 3, 11 and 12)* |
| 4 | Oklahoma drivers license in the name of John D. Perez *(Exhibit # 8)* | The "Passport" photograph used to make the license was found in the residence *(Exhibit # 27)* and was scanned into the computer *(Exhibit # 57)* The same photo was also used by Defendant to make a German drivers license. *(Exhibit # 6)*. The Oklahoma drivers license form/template was found on Defendant's computer *(Exhibit # 47-48)* and two other Oklahoma drivers licenses, one in the name of "Troy Smocks" *(Exhibit # 66)* and another in the name of "Mark Perez" were found in the Defendant's apartment *(Exhibit # 67)*. |
| 5 | Missouri Birth Certificate in the name of Troy Perez *(Exhibit # 4)* | The form/template was found on the Defendant's computer *(Exhibit # 56)* The Missouri Seal embosser was found in the Defendant's residence *(Exhibit # 30)* |

Such forms, templates, seals and other false identification documents found on the Defendant's

computer and in the Defendant's residence demonstrate that the Defendant knowingly produced

these false identification cards using his computer and other equipment also found in his residence.

   **b.    Defendant produced the identification documents without lawful authority.**

The second element the Government must prove is that Defendant did not have authority to produce the identification documents.  Such facts will be established by and through testimony of the following witnesses who will testify that Defendant did not have authority to produce the corresponding  false identification documents:

| COUNT | FALSE ID DOCUMENT | NO AUTHORITY TO PRODUCE |
|---|---|---|
| 1 | Pilot's license in the name of Troy A. Perex *(Exhibit # 1)* | Pat Willis with the Federal Aviation Administration will testify that Defendant had no authority to produce this pilot's license or other pilot's licenses Defendant had in his possession *(Exhibit # 1, 13, 14, 86-89)* |
| 2 | Social Security Card in the name of Troy Perez *(Exhibit # 2)* | The Social Security Administration will testify that Defendant had no authority to produce this social security card and this number did not belong to him. *(Exhibit # 77)* |
| 3 | Armed Forces of the United States identification card (DD-2) in the name of Mark Perez *(Exhibit # 7)* | Special Agent Robert Koger with the Department of Defense will testify that the Defendant had no authority to produce this military identification card or the other military identification cards *(Exhibit # 3, 11, 12)* found in his possession. |
| 4 | Oklahoma drivers license in the name of John D. Perez *(Exhibit # 8)* | Special Agent James Green with FBI will testify that this drivers license was false and Defendant had no authority to produce it or the other Oklahoma driver's licenses found in his possession. *(Exhibit # 66-67)* |
| 5 | Missouri birth certificate in the name of Troy Perez *(Exhibit # 4)* | Irva Cross with the Missouri Department of Health Services - Bureau of Vital Statistics will testify that the Defendant had no authority to produce this birth certificate. *(Exhibit #71)* |

### c. The identification documents appear to be issued by or under authority of the United States or the production of the documents are in or affect interstate commerce.

Lastly, the Government must prove that the identification documents appear to be issued under the authority of the United States Government or alternatively that the identification documents are in or affects interstate commerce. Such facts will be established by and through testimony of the aforementioned witnesses who will testify that identification documents "appear" to be issued under the authority of the United States Government. In the alternative, the following witness will testify that the documents were in and or affected interstate commerce[1]:

| COUNT | FALSE ID DOCUMENT | APPEAR TO BE ISSUED BY GOVERNMENT OR INTERSTATE COMMERCE |
|---|---|---|
| 1 | Pilot's License in the name of Troy A. Perex *(Exhibit # 1)* | Pat Willis with the Federal Aviation Administration will testify that a pilot's license is a government issued identification document and the pilot's license produced by Defendant appears to be issued by the United States Federal Aviation Administration. |
| 2 | Social Security Card in the name of Troy Perez *(Exhibit # 2)* | The Social Security Administration will testify that a social security card is a government issued identification document and the social security card produced by the Defendant appears to be issued by the United States Social Security Administration. See also, *United States v. Quinteros*, 769 F.2d 968 (4th Cir. 1985). |

---

[1]The legislative history reflects that Congress intended "to provide broad federal jurisdiction over violations of this section" by requiring that only a "minimal nexus with interstate commerce be shown." *United States v. Pearce*, 65 F.3d 22, 25 (4th Cir. 1995) (quoting H.R. Rep. No. 802, 97th Cong. 2d Sess. 1 (1982) *reprinted* in 1982 U.S.C.C.A.N. 3519, 3532-33). The minimal nexus requirement is satisfied if the jury finds that the defendant "had an intent to do acts which, if completed, would have affected interstate commerce." *Pearce,* 65 F.3d at 25 (citing *United States v. Gros*, 824 F.2d 1487, 1494-95 (6th Cir. 1987)).

| | | |
|---|---|---|
| 3 | Armed Forces of the United States identification card (DD-2) in the name of Mark Perez *(Exhibit # 7)* | Special Agent Robert Koger with the Department of Defense will testify that a military identification card is a government issued identification document and the military identification card produced by the Defendant appears to be issued by the United States Department of Defense. |
| 4 | Oklahoma drivers license in the name of John D. Perez *(Exhibit # 8)* | Special Agent James Green with FBI will testify that the drivers license is an identification document and the false drivers license produced by the Defendant appears to be issued from the State of Oklahoma. In addition, such drivers license was intended to affected interstate commerce.[2] Production and possession of such false identification documents was integral to Defendant's scheme to defraud businesses and banks operating in interstate commerce, and to obtain other false identification documents. |
| 5 | Missouri Birth Certificate in the name of Troy Perez *(Exhibit # 4)* | Irva Cross with the Missouri Department of Health Services - Bureau of Vital Statistics will testify that a birth certificate is an identification document and the false birth certificate produced by the Defendant appears to be issued from the State of Missouri. (Exhibit # 71). In addition, such birth certificate was intended to affect interstate commerce when the Defendant used the birth certificate to obtain other forms of false identification documents. *(Exhibit # 64)*[2] Production and possession of such false identification documents was integral to Defendant's scheme to defraud businesses and banks operating in interstate commerce, and to obtain other false identification documents. |

---

[2] The court in *United States v. Jackson* concluded that the government demonstrates that possession of unlawful identity documents, such as stolen drivers licenses, affected interstate commerce by proof that possession "was integral to [defendant's] scheme to defraud businesses and banks operating in interstate commerce. 155 F.3d 942, 947 (8th Cir. 1998).

**B.** **Counts 6 - 15: Title 18 U.S.C. §1028 (a) (6) - Possession of false identification documents**

**1.** **APPLICABLE STATUTE:**

Title 18, United States Code, Section 1028(a) (6), makes it a crime for anyone to knowingly possess an identification document or a false identification document of the United States. To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*: That the Defendant possessed an identification document that appears to be an identification document of the United States; and

*Second*: That the Defendant knew that such identification document was produced without authority.

**2.** **GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS**

**a.** **Defendant possessed United States identification documents.**

Under Title 18, United States Code, Section 1028(a)(6), the first element the Government must prove is that the Defendant knowingly possessed United States identification documents. Such facts will be established by and through the testimony of Special Agent James Green, Special Agent Robert Koger and other law enforcement officers that were present at the time of the Defendant's arrest and during the execution of the search warrant of Defendant's residence. These law enforcement officers saw and collected the following United States identification documents from the Defendant's person and his residence:

| COUNT | DOCUMENT | NAME |
|-------|----------|------|
| 6 | Armed Forces of the United States Identification Card DD-Form 2 *(Exhibit # 3)* | Troy A. Perez |
| 7 | Armed Forces of the United States Identification Card DD- Form 2 *(Exhibit # 11)* | John D. Perez |

| COUNT | DOCUMENT | NAME |
|-------|----------|------|
| 8 | Armed Forces of the United States Identification Card DD- Form 2 *(Exhibit # 12)* | Robert Perez |
| 9 | Certificate of Release or Discharge from Armed Forces DD- Form 214 *(Exhibit # 9)* | Troy Anthony Smocks |
| 10 | Certificate of Release or Discharge from Armed Forces DD- Form 214 *(Exhibit # 10)* | Troy Anthony Smocks |
| 11 | Certificate of Release or Discharge from Armed Forces DD- Form 214 *(Exhibit # 17)* | Troy Anthony Smocks |
| 12 | Certificate of Release or Discharge from Armed Forces DD- Form 214 *(Exhibit # 15)* | Troy A. Perez |
| 13 | Certificate of Release or Discharge from Armed Forces DD- Form 214 *(Exhibit # 16)* | Troy A. Perez |
| 14 | Secretary of Transportation - Federal Aviation Administration Certificate (Pilot's License)*(Exhibit # 13)* | Troy Anthony Smocks |
| 15 | Secretary of Transportation - Federal Aviation Administration Certificate (Pilot's License) *(Exhibit # 14)* | John D. Perez |

Federal Aviation Administration Special Agent Pat Willis and Department of Defense Special

Agent Koger will testify that such documents were United States identification documents.

> **b.      Defendant knew such identification documents were produced without lawful authority.**

The second element the Government must prove is that the Defendant knew the

identification documents were produced without lawful authority.  The F.A.A. Special Agent (Pat

Willis) and the Department of Defense Special Agent (Robert Koger) will testify that, it is

apparent by virtue of the fact that the Defendant possessed multiple identification documents with

his picture but with various fictitious names, that the Defendant knew the documents were

produced without authority.  Further, according to these Agents, since the Defendant never served

in the military nor was he ever licensed by the Federal Aviation Administration, the Defendant knew that the identification documents were produced without authority.

## C.  Count 16: 18 U.S.C. §1028 (a)(5) - Possession of document-making implements

### 1.  APPLICABLE STATUTE:

Title 18, United States Code, Section 1028(a)(5), makes it a crime for anyone to knowingly possess document-making implements with the intent to use them in the production of false identification documents.  To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*:  That the Defendant knowingly possessed document-making implement(s) or authentication feature(s); and

*Second*:  That the Defendant intended that such document-making implements or authenticating feature(s) would be used in the production of a false identification document.

### 2.  GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS

#### a.  Defendant knowingly possessed document-making implement(s).

Under Title 18, United States Code, Section 1028(a)(5), the first element the Government must prove is that the Defendant knowingly possessed document-making implements or authentication features.  The term "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, false identification document, or another document making implement.    18 U.S.C.§ 1028(d)(2). Special Agent Green, Special Agent Koger and other law enforcement officials present at the time of Defendant's arrest and the execution of the search warrant will testify that Defendant possessed a computer,  CDs, printers, an embosser, a scanner and a laminator at his residence.  *(Exhibit # 30,*

*31, 32, 36, 39 and 40).* Detective John Gardner, with the North Texas Regional Computer Forensics Laboratory (N.T.R.C.F.L.) will testify that such equipment contained templates, computer files and software that were primarily used by the Defendant to make identification documents.

> **b.** **Defendant intended that such document-making implements would be used in the production of false identification documents**

The second element the Government must prove is that the Defendant intended that such document-making implements would be used in the production of false identification documents. Detective John Gardner (N.T.R.C.F.L.) will testify that such intent is evident as the Defendant has previously used the implements to make the various false identification documents including pilot's license, social security cards, birth certificates, drivers licenses and military identification documents. *(Exhibits # 1-17, 64, 66, 67).*

**D.** **Count 17: 18 U.S.C. §702 - Unauthorized wearing of a uniform of the Armed Forces of the United States**

**1.** **APPLICABLE STATUTE:**

Title 18, United States Code, Section 702, makes it a crime for anyone to knowingly wear a uniform of the armed forces of the United States without authority. To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*: That the Defendant knowingly wore a uniform or a distinctive part thereof or anything similar to a distinctive part of the uniform of any of the armed forces of the United States; and

*Second*: That the Defendant did not have authority to wear such uniform.

The Government intends to offer testimony and evidence to establish each of the foregoing elements beyond a reasonable doubt.

## 2. GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS

### a. Defendant knowingly wore a military uniform.

Under Title 18 United States Code, Section 702, the first element the Government must prove is that the Defendant knowingly wore a uniform or a distinctive part thereof or anything similar to a distinctive part of the uniform of any of the armed forces of the United States. Such facts will be established by and through the Defendant's former fiancé, Ms. Ruby Mays. Ms. Mays will testify that in June 2003 Troy Smocks attended the wedding of a friend in a military uniform. Mr. Smocks was photographed various times at the wedding in the military uniform. *(Exhibits # 61-63)* Such photographs depict Mr. Smocks in the uniform and meet all the evidentiary requirements for admissibility under Rule 901(b)(1) of the Federal Rules of Evidence by and through the authenticating testimony of Ruby Mays and/or the photographer. In addition, law enforcement officials will testify that a military uniform matching that depicted in the photographs was found in Defendant's residence at the time of the arrest and/or execution of the search warrant *(Exhibits # 33)*.

### b. Defendant did not have authority to wear the uniform.

The second element the Government must prove is that the Defendant did not have the authority to wear a military uniform. Such element will be established by and through the testimony of Special Agent Robert Koger with the Department of Defense. Special Agent Koger will testify that the Defendant has never served in any branch of the military and therefore does not have the requisite authority to wear a United States military uniform of any kind.

**E.    Count 18: 18 U.S.C. §704 Unauthorized wearing of decorations or medals of the Armed Forces of the United States**

**1.    APPLICABLE STATUTE:**

Title 18, United States Code, Section 704, makes it a crime for anyone to knowingly wear any decoration or medal authorized for the armed forces of the United States without authority. To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*:        That the Defendant knowingly wore a decoration or medal authorized by Congress for the armed forces for the United States or badges awarded to the members of such forces or the ribbon, button, or rosette of any such badge, decoration or medal or any colorable imitation thereof; and

*Second*:        That the Defendant did not have authority to wear such decoration or medal.

The Government intends to offer testimony and evidence to establish each of the foregoing elements beyond a reasonable doubt.

**2.    GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS**

**a.    Defendant knowingly wore a military medals and decorations.**

Under Title 18, United States Code, Section 704, the first element the Government must prove is that the Defendant knowingly wore a decoration or medal authorized by Congress for the armed forces of the United States or badges awarded to the members of such forces or the ribbon, button, or rosette of any such badge, decoration or medal.  Such facts will be established by and through the Defendant's former fiancé Ms. Ruby Mays.  Ms. Mays will testify that in June 2003 Troy Smocks attended the wedding of friend in a military uniform with various military

decorations and medals.  Mr. Smocks was photographed various times at the wedding in the military uniform.  *(Exhibits # 61-63)*  Such photographs depict Mr. Smocks in the uniform and decorations and medals and meet all the evidentiary requirements for admissibility under Rule 901(b)(1) of the Federal Rules of Evidence by and through the authenticating testimony of Ruby Mays and/or the photographer.  In addition, law enforcement officials will testify that  military medals and decorations that matched those depicted in the photographs were found in Mr. Smocks residence at the time of the arrest and/or execution of the search warrant *(Exhibit # 33)*.

> **b.      Defendant did not have authority to wear the decorations and medals.**

The second element the Government must prove is that the Defendant did not have the authority to wear a military decorations or medals.  Such element will be established by and through the testimony of Special Agent Robert Koger with the Department of Defense.  Special Agent Koger will testify that the Defendant has never served in any branch of the military and therefore does not have the requisite authority to wear United States military decorations or medals of any kind.

## F.      <u>Count 19:  18 U.S.C. §513(b) - Possession of counterfeiting implements</u>

### 1.      APPLICABLE STATUTE:

Title 18, United States Code, Section 513(b), makes it a crime for anyone to knowingly possess an implement designed for or particularly suited for making a counterfeit or forged security with the intent they will be so used.  To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*:          That the Defendant knowingly possessed an implement designed for or particularly suited for making a counterfeit or forged security; and

*Second*:        That the Defendant intended that such implement would be used in making a counterfeit or forged security.

The Government intends to offer testimony and evidence to establish each of the foregoing elements beyond a reasonable doubt.

## 2.    GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS

### a.    Defendant knowingly possessed counterfeiting implements.

Under Title 18, United States Code, Section 1028 (a)(1), the first element the Government must prove is that the Defendant knowingly possessed an implement designed for or particularly suited for making a counterfeit or forged security.  The statute specifically states that the term "security" includes checks.  18 U.S.C. § 513(c)(3)(A).  Law enforcement officials, including but not limited to Special Agent Green and Detective Gardner, will testify that the Defendant possessed the following counterfeit implements: computer, printers, scanner, software (Versacheck), CDs, and checks and check stock in his residence.  *(Exhibits # 31, 32, 36, 40, and 18-26)*  In *United States v. Wade,* the court held that an unsigned check, like those possessed by the Defendant (*see Exhibit # 18-26*), was deemed to be an "implement" within the meaning of the statute.  *Wade,* 266 F.3d 574, 584 (6th Cir. 2001), *cert denied* 535 U.S. 964 (2002)

### b.    Defendant intended to use the implements to counterfeit securities.

The second element the Government must prove is that the Defendant intended that such implement would be used in making a counterfeit or forged security.  The term "counterfeit" means a document that purports to be genuine but is not, because it has been falsely made or manufactured in it's entirety.  18 U.S.C. §513(c)(1).  The Defendant's intention to use the implements to make counterfeit securities is apparent from the counterfeit checks that were found in various stages in his residence and matching his false identification documents and the Defendant's actual use of  at least one of the checks he produced.  *(Exhibits # 18-26).*

**G.** **Count 20: 18 U.S.C. §1344 - Bank Fraud**

**1.** **APPLICABLE STATUTE:**

Title 18, United States Code, Section 1344(2), makes it a crime for anyone to execute a scheme or artifice to obtain any money or other property of an insured financial institution by means of false pretenses, representations, or promises. To find the Defendant guilty of this crime, the Government must prove each of the following elements beyond a reasonable doubt:

*First*: That the Defendant knowingly executed or attempted to execute a scheme or plan to obtain money or property from Bank of America by means of false or fraudulent pretenses, representations, or promises;

*Second*: That the Defendant acted with specific intent to defraud Bank of America;

*Third*: That the false pretenses, representations, or promises that the Defendant made were material;

*Fourth:* That the Defendant placed the financial institution at risk of civil liability or financial loss; and

*Fifth:* That Bank of America was insured by the Federal Deposit Insurance Corporation (F.D.I.C.).

The Government intends to offer testimony and evidence to establish each of the foregoing elements beyond a reasonable doubt.

**2.** **GOVERNMENT'S EVIDENCE ON EACH OF THE ELEMENTS**

**a.** **Defendant knowingly attempted or executed a scheme to obtain money from Bank of America by false pretenses.**

Under Title 18, United States Code, Section 1344, the first element the Government must prove is that the Defendant executed or attempted to execute a scheme or plan to obtain money or property from Bank of America by means of false or fraudulent pretenses, representations, or promises. A "scheme to defraud" includes using false pretenses or representation to obtain money from the institution to be deceived. *United States v. McCauley,* 253 F.3d 815, 819 (5th Cir. 2001)

(citing *United States v. Doke*, 171 F.3d 240, 243 (5th Cir. 1999) *cert denied* 528 U.S. 907 (1999)). Such facts will be established by and through the business records and testimony from a representative of Bank of America that on August 8, 2003, Defendant opened bank account #4781819312 in the name of "Robert Perez" at the Bank of America by using a false identification. *(Exhibit # 70-1, 70-2)*. Such records are admissible as business records kept in the course of regularly conducted business. Federal Rules of Evidence, Rule 803(6).

Furthermore, Special Agent James Green and/or Detective John Gardner is anticipated to testify the circumstances establish that the defendant fraudulently created counterfeit payroll check #14348 in the amount of One Thousand Three Hundred and Forty Two Dollars and Sixty Nine Cents ($1,342.69) (*Exhibit # 70-11*). A Home Depot representative (Jennifer Wohl) will confirm that this is a counterfeit check and was not issued or authorized by Home Depot. This counterfeit check was made payable to "Robert Perez" and was drawn on an account in the name of "The Home Depot" at Norwest Bank Faribault. Defendant, thereafter endorsed the counterfeit check as "Robert Perez." *(Exhibit # 70-10)*.

On August 8, 2003, within the Eastern District of Texas, Defendant, for the purpose of executing the scheme and artifice, knowingly tendered to Bank of America for deposit in the Perez Account, the counterfeit check in an attempt to receive credit for the Perez Account. Defendant obtained credit for such deposit by way of writing checks at Wal-mart *(Exhibit # 70-13 and 70-14)*.

> **b.** **That the Defendant acted with specific intent to defraud Bank of America.**

Such aforementioned acts evidence the Defendant's intention to defraud Bank of America, and that such fraud was not the result of an accident. A "scheme to defraud" includes using false pretenses or representation to obtain money from the institution to be deceived. *See, McCauley*

253 F.3d at 819. "The requested intent to defraud is established if the defendant acted knowingly - with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another  or bringing about some financial gain to himself." *Doke*, 171 F.3d at 243. The evidence demonstrates that the Defendant's actions were intentional, he acted knowingly, and he intended to deceive when he obtained a false Texas drivers license and then misrepresented his identity to the bank and created counterfeit checks. Such misrepresentations induced Bank of America to open an account on the Defendant's behalf and accept deposits into such account. Furthermore, such acts were done by the defendant to bring about financial gains to himself and resulted in financial loss to Bank of America.

> **c.      That the false pretenses, representations, or promises that the Defendant made were material**.

As per the above stated evidence, the Defendant made material false representations to the Bank regarding his true identity, and the legitimacy of the Home Depot Check which he tendered as a "payroll" check for deposit and credit into the "Perez" checking account. Such misrepresentations were material and induced the Bank to open the Perez Account on the Defendant's behalf and accept the counterfeit check as a deposit, and to provide credit to such an account.

> **d.      The Defendant placed the financial institution at risk of civil liability or financial loss.**

The Fifth Circuit has held in *United States v. Lemons*, 94l F.2d 309, 315 (5th Cir. 1991) a bank need not suffer an actual financial loss to support a conviction for bank fraud under Section 1344. However, according to the anticipated testimony of the representative of Bank of America, the Defendant's deposit to obtain credit for a check allegedly issued by Home Depot, placed Bank of America at risk for financial loss and/or risk of civil liability. Bank of America will further

testify that Defendant attempted to access the funds he deposited in the Perez account by issuing checks to Wal-mart. *(Exhibit # 70-13 and 70-14)*

       e.       **That Bank of America was insured by the Federal Deposit Insurance Corporation (F.D.I.C.).**

The last element the Government must prove is that Bank of America was insured by the Federal Deposit Insurance Corporation. This fact will be established by and through the testimony of a Bank of America representative who will confirm that Bank of America is insured by the F.D.I.C..

## IV. ANTICIPATED DEFENSE: DURESS

**A.**      **Elements of Duress:**

It is anticipated that the Defendant will claim that he committed the above-referenced crimes under duress. The nature and elements of the affirmative defense of duress in criminal prosecutions are well established by the Fifth Circuit. To successfully raise duress as a defense, the Defendant must show: (1) that he was under an unlawful present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself; and (2) that he did not recklessly or negligently place himself in a situation in which it was probable that he would be forced to choose the criminal conduct; (3) that he did not have reasonable legal alternative to violating the law, that is, he had no reasonable opportunity to avoid the threatened harm; and (4) a reasonable person would believe that by committing the criminal action he would directly avoid the threatened harm. *United States v. Wyly*, 193 F.3d 289, 301 (5th Cir. 1999); *United States v. Posada-Rios,* 158 F.3d 832, 873 (5th Cir. 1998); *United States v. Liu,* 960 F.2d 449 (5th Cir. 1992); *United States v. Webb,* 747 F.2d 278 (5th Cir. 1984); *United States v.*

*Mejia,* 720 F.2d 1378 (5ᵗʰ Cir. 1983); and Fifth Circuit Criminal Pattern Jury Charge 1.36 (West 2001).

An example of duress that will warrant a justification defense is a prisoner who flees a burning prison to avoid being burned to death. *Posada,-Rios* 158 F.3d at 874 citing *United States v. Kirby,* 74 U.S. 482, 487 (1869). The Defendant in this case cannot and will not establish a duress defense because the alleged threats against him were not imminent, his acts were willful and voluntary, and he had legal alternatives available to him. Therefore, Defendant will be unable to establish a justifiable duress defense and a "duress" instruction should not be provided to the jury.

**B.**     **Defendant was not under "imminent threat":**

The Defendant will not and cannot prove the first element necessary to establish a duress defense. The alleged threat to him was not imminent or continuous. There was no person threatening immediate harm to the Defendant, forcing him to commit these crimes including, but not limited to bank fraud and production and possession of false identification documents. The Fifth Circuit has noted that the duress defense only arises if there is a real emergency leaving no time to pursue any legal alternatives. *Posada-Rios,* 158 F.3d at 874. In stating why the defense requires proof of "absolute and uncontrollable necessity," the Supreme Court explained that "[a]ny rule less stringent this would open the door to all sorts of fraud." *Posada-Rios,* 158 F.3d at 874, (citing *The Diana,* 74 U.S. 354, 360-61 (1868)).

For example, the courts have held that in situations were the person had an opportunity to escape an immediate threat, but failed to do so, the affirmative defense of duress is not applicable. In *United States v. Jocic,* 207 F.3d 889(7ᵗʰ Cir. 2000), the court found that the evidence supported a finding that the defendant was not coerced into participating in a bank robbery of which he was

convicted, even though the defendant testified that the bank robber threatened to kill the defendant if he refused to drive the getaway vehicle, because the defendant failed to escape while the robber was in the bank, even though the defendant had reasonable opportunity to do so. Likewise, a defendant who was convicted of burglary, was unable to establish duress because, although he claimed that his participation in the crime resulted from threats of physical harm against him by a loan shark to whom he was indebted, the court concluded that the threats against him were not "imminent" and "impending". *Ballou v. State,* 365 So.2d 352 (Ala. Crim.App.1978).

Coercion must be imminent, such as to produce well-grounded fear of death or serious injury. *United States v. Kelly,* 546 F.2d 42 (5th Cir. 1977). Threat of a future harm to be carried out at some undefined time, like that anticipated to be alleged by the Defendant, will not diminish criminal culpability under a theory of duress. *United States v. Bolden,* 92 F.3d 686 (8th Cir. 1996); *United States v. Henderson-Durand,* 985 F.2d 970 (8th Cir. 1993); *United States v. Horr,* 963 F.2d 1124 (8th Cir. 1992); *United States v. Michelson,* 559 F.2d 567 (9th Cir. 1977).

**C.     Defendant had legal alternatives:**

Likewise, the Defendant will not establish the second element of duress, that he had no reasonable alternative to violating the law. Defendant had numerous alternatives to producing and possessing false United States documents, wearing military uniforms and committing bank fraud. There is nothing about the alleged threats that **forced** the Defendant to take undertake these illegal activities. The Defendant had the time and the opportunity to come to law enforcement officials in this jurisdiction or any other jurisdiction and advise the authorities about the alleged threats against him. According to the Fifth Circuit, a "[d]efendant's subjective belief as to available legal alternatives is not determinative. As long as defendant's crises permitted 'a selection from among several solutions, some of which did not involve criminal acts'. . . the necessity defense must

fail." *Posada-Rios*, 158 F.3d at 874 (citing *United States v. Meraz-Valeta,* 26 F.3d 992, 995 (10th Cir. 1994)). For example, in *United States v. Harvey,* the defendant, who was a convicted felon, argued that he feared for his life because a rival church faction in his small town had engaged in "shootouts" and that he had been threatened by members of the faction who wanted him to leave town. *Harvey,* 897 F.2d 1300, 1305 (5th Cir. 1990) *overruled in part on other grounds by United States v. Lambert,* 984 F.2d 658 (5th Cir. 1993) (*en banc*). The Fifth Circuit affirmed the district court's refusal to submit a duress instruction because the defendant's evidence did not show any present, immediate threat prevented him from calling the police. *Harvey,* 897 F.2d at 1305. Similarly, in *United States v. Mejia,* the Fifth Circuit held that the defendant's personal feelings that the police were in league with the drug exporters does not establish that the defendant did not have a reasonable legal alternative to violating the law. *Mejia,* 720 F.2d 1378, 1382 (5th Cir. 1983). Likewise, it is anticipated that the Defendant will not show that any present, immediate threat prevented him from contacting the police or other law enforcement officials regarding the alleged threats.

**D.**     **Defendant cannot establish that the criminal acts would avoid the threatened harm:**

Lastly, the Defendant cannot establish that by committing the criminal acts he would directly avoid the threatened harm. The government anticipates that no one threatened to harm the Defendant if he did not commit the crimes of bank fraud, production and possession of fake identification documents, etc. There was no contingent threat upon his life that if he failed to commit these crimes he would be harmed. Instead, the Government anticipates that the Defendant will admit that it was his own idea to commit these crimes allegedly to avoid detection by individuals who allegedly threatened him. The Defendant's acts were willful, voluntary and not coerced. Even if the Defendant is to be believed, this is not duress.

**E.     Burden of proof is on the Defendant:**

The burden of proving duress is on the Defendant. As explained by the Court in *Willis*, because "a justification defense, such as duress, is an affirmative defense, the burden of proof is on the defendant". *United States v. Willis,* 38 F.3d 170, 179 (5th Cir. 1994) *cert. denied* 515 U.S. 1145 (1995). If the defendant fails to prove all four elements he is not entitled to request an instruction on this defense. *Id.* The Government anticipates that the defendant will fail to establish all of the necessary elements of duress and he will be unable to submit a duress instruction to the jury in this case.    In fact, the Fifth Circuit has held that it is error for the trial court to submit a duress instruction if there is not evidence to support each element. *Wyly,* 193 F.3d at 301. As such, the Government requests the court deny the Defendant's request for a duress instruction.

## VI.  INDEX OF TRIAL EXHIBITS

An index of all of the Government's proposed trial exhibits is attached hereto as Exhibit "A" along with a notebook of the actual exhibits.

## VII.  TAPE RECORDINGS

The Government does not anticipate the use of any tape recordings.

## VIII.  WITNESSES

A list of the witnesses the Government intends to call, along with a brief description of the subject of the testimony of each witness as per the courts Final Pretrial Order of October 18, 2005 is attached hereto as Exhibit "B".

Respectfully submitted,
MATTHEW D. ORWIG
United States Attorney

/s/

MICHELE A. RATCLIFFE
Assistant United States Attorney
101 E. Park Blvd, Suite 500
Plano, Texas 75074
972/509-1201
972/509-1209 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing by CM/EDF to Robert Arrambide, counsel for the defendant, 1800 Teague Dr., Ste. 204, Sherman, TX 75090  on this the 24th day of October, 2005.

_____/s/_____
Michele A. Ratcliffe

# EXHIBIT "A"

# <u>GOVERNMENT'S EXHIBIT LIST</u>

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 1 | James Green | Federal Aviation Administration Pilot's License in the name of Troy A. Perex - found on Defendant at the time of arrest. | | | |
| 2 | James Green | Social Security card in the name of Troy Perez- found on the Defendant at the time of arrest | | | |
| 3 | James Green | Military Identification (DD-2) in the name of Troy Perez - found on the defendant at the time of arrest | | | |
| 4 | James Green | State of Missouri - Birth Certificate in the name of Troy Perez- found on the defendant at the time of arrest | | | |
| 5 | James Green | Texas Drivers License in the name of Troy Perez - found on the Defendant at the time of arrest. | | | |
| 6 | James Green | German Drivers License in the name of Troy Perez- found on Defendant at the time of arrest. | | | |
| 7 | James Green | Military Identification Card (DD-2) in the name of Mark Perez - found in the Defendant's apartment | | | |
| 8 | James Green | Oklahoma Drivers License in the name of John D. Perez - found in the defendant's apartment | | | |
| 9 | James Green | Certificate of Release or Discharge from the Armed Forces (DD-214) in the name of Troy Smocks - found in the defendant's apartment | | | |
| 10 | James Green | Certificate of Release or Discharge from the Armed Forces (DD-214) in the name of Troy Smocks - found in the defendant's apartment | | | |
| 11 | James Green | Military Identification (DD-2) in the name of John Perez - found in the Defendant's apartment | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 12 | James Green | Military Identification (DD-2) in the name of Robert Perez - found in the Defendant's apartment | | | |
| 13 | James Green | F.A.A. Pilot's License in the name of Troy Smocks - found in the defendant's apartment | | | |
| 14 | James Green | F.A.A. Pilot's License in the name of John Perez - found in the defendant's apartment | | | |
| 15 | James Green | Certificate of Release or Discharge from the Armed Forces (DD-214) in the name of Troy Perez - found in the defendant's apartment | | | |
| 16 | James Green | Certificate of Release or Discharge from the Armed Forces (DD-214) in the name of Troy Perez - found in the defendant's apartment | | | |
| 17 | James Green | Certificate of Release or Discharge from the Armed Forces (DD-214) in the name of Troy Smocks - found in the defendant's apartment | | | |
| 18 | James Green | Check #14353 (AT & T) found in the defendant's apartment | | | |
| 19 | James Green | Check #14354 (AT & T) found in the defendant's apartment | | | |
| 20 | James Green | Check #14352 (AT & T) found in the defendant's apartment | | | |
| 21 | James Green | Check #14347 (Home Depot) found in the defendant's apartment | | | |
| 22 | James Green | Check #14346 (Home Depot) found in the defendant's apartment | | | |
| 23 | James Green | Check #14351 (Home Depot) found in the defendant's apartment | | | |
| 24 | James Green | Check #14350 (Home Depot) found in the defendant's apartment | | | |
| 25 | James Green | Check #14349 (Home Depot) found in the defendant's apartment | | | |
| 26 | James Green | Check #14359 (Federal Credit Union) found in the defendant's apartment | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 27 | James Green | Instant passport pictures of Troy Smocks found in the defendant's apartment | | | |
| 28 | James Green | Department of State Identification card for "T.A. Perez" found in the defendant's apartment | | | |
| 29 | James Green | Department of State Identification card for "T.A. Smocks" found in the defendant's apartment | | | |
| 30 | James Green | Embosser with the State of Missouri seal found in the defendant's apartment - substitute photo after the verdict | | | |
| 31 | James Green | Computer found in the defendant's apartment - substitute photo after the verdict | | | |
| 32 | James Green | Printers found in the defendant's apartment - substitute photo after the verdict | | | |
| 33 | James Green | Military uniform w/ beret - found in the defendant's apartment - substitute photo after verdict | | | |
| 34 | James Green | Pilot uniform found in the defendant's apartment- substitute in photo after verdict | | | |
| 35 | James Green | Special forces ring found in the defendant's apartment - substitute in photo after verdict | | | |
| 36 | James Green | CD found in the defendant's apartment - substitute photo after the verdict | | | |
| 37 | James Green | Handcuffs found in the defendant's apartment - substitute photo after verdict. | | | |
| 38 | James Green | Gun found in the defendant's apartment - substitute photo after the verdict. | | | |
| 39 | James Green | Laminator found in the defendant's apartment - substitute photo after verdict | | | |
| 40 | James Green | Scanner found in the defendant's apartment - substitute photo after the verdict | | | |
| 41 | James Green | Home Depot identification badge in the name of Robert Perez - found in the Defendant's car | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | O F F | O B J | E N T |
|---|---|---|---|---|---|
| 42 | James Green | Missouri Drivers license found in the Defendant's apartment | | | |
| 43 | James Green | Military Identification Card (DD-2) template (front in the name of Brian Sanders)- found on the defendant's computer - | | | |
| 44 | James Green | Military Identification Card (DD-2) template (back in the name of Brian Sanders) - found on the Defendant's computer | | | |
| 45 | James Green | German Drivers license template (in the name of "Robert Perez") found on the Defendant's computer | | | |
| 46 | James Green | Home Depot Identification template (in the name of Robert Perez) found on the Defendant's computer | | | |
| 47 | James Green | Oklahoma Drivers License template (in the name of "Troy Smocks") - found on the defendant's computer | | | |
| 48 | James Green | Oklahoma Drivers License template (blank)- found on the computer | | | |
| 49 | James Green | Social Security card (blank front)- found on defendant's computer | | | |
| 50 | James Green | Social Security card (back)- found on defendant's computer | | | |
| 51 | James Green | Social Security card template - (front) - found on defendant's computer in the name of "Troy Perez" | | | |
| 52 | James Green | Social Security Administration (seal)- found on defendant's computer | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 53 | James Green | Texas drivers license template (in the name of Brian Sanders) found on the Defendant's computer | | | |
| 54 | James Green | Texas drivers license template (blank) found on the defendant's computer | | | |
| 55 | James Green | F.A.A. pilot's license template - found on the Defendant's computer in the name of "Troy Smocks" | | | |
| 56 | James Green | State of Missouri - Birth Certificate template (blank)- found on the defendant's computer | | | |
| 57 | James Green | scanned image of Troy Smocks - found on the computer | | | |
| 58 | James Green | AT & T logo scanned into Defendant's computer | | | |
| 59 | James Green | Angie Haddie's scanned signature found on the Defendant's computer | | | |
| 60 | James Green | Troy Perez scanned signature found on the defendant's computer | | | |
| 61 | James Green | Photograph of Defendant in Military Uniform | | | |
| 62 | James Green | Photograph of Defendant in Military Uniform | | | |
| 63 | James Green | Photograph of Defendant in Military Uniform | | | |
| 64 | James Green | Texas Drivers License in the name of Robert Perez - found in the Defendant's apartment | | | |
| 65 | James Green | Social security documents and forms found in the Defendant's apartment (18 pages) | | | |
| 66 | James Green | Oklahoma Drivers license in the name of "Troy Smocks" found in the defendant's apartment | | | |
| 67 | James Green | Oklahoma Drivers license in the name of "Mark Perez" found in the defendant's apartment | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 68 | James Green | Checking Guide - found in the defendant's apartment | | | |
| 69 | Robert Koger | United States Military - Decorations guide (10 pages) | | | |
| 70 | Hannah Hudson, Bank of America custodian of records | Bank of America records (15 pages) | | | |
| 71 | Irva Cross, custodian of records for State of Missouri Vital Statistics | State of Missouri Vital Statistics records (3 pages) | | | |
| 72 | Nadia Tyler, custodian of records for Pear Ridge Drive | Pear Ridge Drive records (39 pages) | | | |
| 73 | Trooper David Russ, custodian for the Texas Department of Public Safety | Records from the Texas Department of Public Safety (16 pages) | | | |
| 74 | Shirley Cozzens, custodian of records for Pear Ridge Creek | Pear Ridge Creek records (30 pages) | | | |
| 75 | | | | | |
| 76 | Bahar Webster, custodian of records for Toyota of Plano | Toyota of Plano records (120 pages) | | | |
| 77 | Custodian of records for the Social Security administration | Social Security administration | | | |
| 78 | James Green | Arrest Warrant | | | |
| 79 | James Green | Search Warrant | | | |
| 80 | James Green | Certified Missouri Judgment | | | |
| 81 | James Green | Certified Minnesota Judgment 1996 (4 pages) | | | |

| EXHIBIT NO. | SPONSOR | DESCRIPTION | OFF | OBJ | ENT |
|---|---|---|---|---|---|
| 82 | | | | | |
| 83 | Robert Koger | enlarge photo of medals | | | |
| 84 | John Gardner | Home depot logo found on the defendant's computer | | | |
| 85 | John Gardner | Computer forensic report by Gardner | | | |
| 86 | Pat Willis | Record of Diligent Search - Troy Perex | | | |
| 87 | Pat Willis | Record of Diligent Search - John Perez | | | |
| 88 | Pat Willis | Record of Diligent Search - Troy A. Smocks | | | |
| 89 | Pat Willis | Record of Diligent Search - Troy Anthony Smocks | | | |
| 90 | James Green | Summary Chart | | | |
| 91 | Smocks | Affidavit & Statements | | | |
| 92 | Koger | DD-214 worksheet | | | |
| 93 | James Green | Photo of scissors on the counter of the defendant's apartment | | | |
| 94 | John Gardner | Curriculum Vitae | | | |
| 95 | Don Willis | Wal-mart Business records | | | |
| 96 | John Gardner | DD-214 found on the computer | | | |
| 97 | John Gardner | Word document of Check #14348 found on the computer | | | |
| 98 | John Gardner | File/Path Report | | | |

# EXHIBIT "B"

# WITNESS LIST

<u>Monday, October 31, 2005</u>

1.  <u>Special Agent James Green, Federal Bureau of Investigation</u>: Agent Green is anticipated to testify about the investigation of the Defendant and the evidence obtained through the execution of the arrest warrant and the subsequent search warrant of the Defendant's residence. Agent Green will also testify as to the evidence of production and possession false identification documents.

2.  <u>Ruby Mays:</u> Ms. Mays is the Defendant's former fiancé. Ms. Mays will testify that she saw the Defendant wearing the military uniform and medals.

C.  <u>Special Agent Robert Koger, Department of Defense:</u> Agent Koger will testify regarding the investigation of the Defendant acts relating to the military documents and uniform charges. Agent Koger will testify about the Defendant's production and possession of United States military documents and the fact that the Defendant has never served in any branch of the United States military.

D.  <u>Detective John Gardner, Certified Forensic Examiner:</u> Detective Gardner will testify about the evidence of the false identification documents and counterfeit checks found on the Defendant's computer.

<u>Tuesday, November 1, 2005:</u>

1.  <u>Irva Cross, Missouri Department of Vital Statistics:</u> Ms. Cross is anticipated to testify that the birth certificate produced and possessed by the Defendant is false.

2.  <u>Hannah Hudson, Bank of America:</u> Ms. Hudson will testify that the Defendant opened a checking account with Bank of America under the name "Robert Perez". The Defendant then deposited a counterfeit payroll check into the bank account and wrote checks to Walmart on the credit to that bank account.

3.  <u>Jennifer Wohl, Home Depot:</u> Ms. Wohl will testify that the payroll check that the Defendant submitted to Bank of America was counterfeit.

4.  <u>Don Willis, Wal-mart:</u> Mr. Willis will testify that the Defendant wrote checks in the name of "Robert Perez" for purchases made at Walmart. Such checks were return for insufficient funds.

5.    <u>Special Agent Pat Willis, Federal Aviation Administration:</u>    Agent Willis will testify that neither the Defendant nor any of his alias has ever been licensed by the Federal Aviation Administration.  The pilot's licenses possessed by the Defendant were false.

6.    <u>Nadia Tyler, Pear Ridge Apartments (Price Management):</u>   Ms. Tyler will establish that the Defendant provided false identification documentation to her in connection with leasing an apartment.

7.    <u>Shirley Cozzens, Pear Ridge Creek Apartments</u>:   Ms. Couzzens will testify that the Defendant provided false identification documents to the apartment complex in connection with leasing an apartment.

<u>Wednesday, November 2, 2005</u>

1.    <u>Trooper David Russ, Texas Department of Motor Vehicles:</u> Trooper Russ will testify that the Defendant submitted false identification documents to obtain a Texas drivers license in the name of Troy Perez.  Trooper Russ will further testify that the Robert Perez drivers license in the Defendant's possession was false.

2.    <u>Bahar Suzanne Webster, Toyota of Plano:</u>    Ms. Webster will testify that the Defendant provided false identification documents in connection with applying and obtaining employment with Toyota of Plano.

3.    <u>Social Security Administration:</u>   The Social Security Administration will provide evidence that the social security card in the Defendant's possession was false.