U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT   1 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:05CR12 |
| | § | Judge Schneider |
| TROY SMOCKS | § | |

### PLEA AGREEMENT

Defendant Troy Smocks, Defendant's attorney, and the United States Attorney for the

Eastern District of Texas agree to the following pursuant to Fed. R. Crim. P. 11(c)(1)(C):

1.  **RIGHTS OF THE DEFENDANT:** Defendant understands that he has the right

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proved beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his
         defense; and

    e.   to not be compelled to testify against himself.

2.  **WAIVER OF RIGHTS AND PLEA OF GUILTY:** Defendant waives these rights and

agrees to enter a plea of guilty to Counts 1 and 20 of the Indictment, which charge violations of

18 U.S.C. §1028, production of false identification documents and 18 U.S.C. §1344, bank fraud.

Defendant understands the nature and elements of the crime to which he is pleading guilty and

agrees that the factual statement in support of the facts he has signed is true and will be submitted

as evidence.

Plea Agreement - Page 1

3.    **SENTENCE:** The maximum penalties for the offense alleged in Count 1 of the

Indictment include:

        a.    imprisonment for a period not to exceed 15 years;

        b.    a fine not to exceed $250,000, or twice any pecuniary gain to Defendant or loss to the victim(s);

        c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing;**

        e.    restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

        f.    costs of incarceration and supervision.

The maximum penalties for the offense alleged in Count 20 of the Indictment include:

        a.    imprisonment for a period not to exceed 30 years;

        b.    a fine not to exceed $1,000,000, or twice any pecuniary gain to Defendant or loss to the victim(s);

        c.    a term of supervised release of not more than 5 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing;**

        e.    restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant

conduct, not limited to that arising from the offense of conviction alone; and

f.     costs of incarceration and supervision.

4.     **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the appropriate term of imprisonment in this case is 30 months. The parties stipulate that the Court, at its discretion, will determine the appropriate amount of fine, restitution, and special assessment. In addition, the parties stipulate that the Court will determine the appropriate term of supervised release. The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, Defendant will be given the opportunity to withdraw from the plea.

5.     **DEFENDANT'S COOPERATION:** Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding his capacity to satisfy any fines or restitution. The Government will advise the Court of the extent of Defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph two (2) and for any other federal offenses the Defendant may have committed. Additionally, the Government may use any statements made by Defendant or leads derived therefrom against him in any proceeding.

6.     **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern

Plea Agreement - Page 3

District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing, the Government will dismiss any remaining charges against this Defendant.

7.    **VIOLATION OF AGREEMENT:** Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

8.    **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

9.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement; and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

10.    **REPRESENTATION OF COUNSEL:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes that he is guilty and

Plea Agreement - Page 4

has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

11.    **LIMITATIONS ON THIS AGREEMENT:** This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

12.    **ENTIRETY OF AGREEMENT:** Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Dated: 10-20-05

Michele Addington Ratcliffe
Assistant United States Attorney

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 10-28-05

Troy Smocks
Defendant

Plea Agreement - Page 5

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 28 Oct 05

Robert Arrambide
Attorney for Defendant

Plea Agreement - Page 6